# United States District Court

**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| UNITED STATES OF AMERICA | § | |
| --- | --- | --- |
| | § | |
| vs. | § | Case No. 4:09cr70 |
| | § | (Judge Crone) |
| PHILLIP ROBINETTE (10) | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter having been referred by the Honorable Marcia Crone, the Court held a hearing on May 27, 2010, on Defendant's Motion to Withdraw Plea (Dkt. #336). In his motion, Defendant seeks to withdraw his guilty plea, which was accepted by the District Judge on January 15, 2010 (Dkt. #262).

### BACKGROUND

On May 14, 2009, an indictment was filed against Defendant. The indictment charged Defendant with conspiracy to distribute or possess with intent to distribute or dispense methamphetamine and gamma hydroxybutyrate ("GHB") all in violation of 21 U.S.C. §§ 846 and 841(a)(1).

On January 15, 2010, the final pretrial conference was started before United States District Judge Marcia Crone. After the case was called for the final pretrial conference, counsel for Defendant asked the Court for a few minutes to discuss a matter with Defendant. At this point, witness and exhibit lists had already been provided by the Government, and the Court was ready to proceed with the trial. After taking a recess, Defendant notified the Court that Defendant would like to change his plea to guilty. Defendant was sworn in and Judge Crone proceeded to take and accept Defendant's plea of guilty.

Defendant signed a plea agreement to count one of the indictment charging him with conspiracy to knowingly and intentionally distribute and possess with the intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine and, in addition, over 100 kilograms of GHB. Defendant also signed a factual statement in support of his plea of guilty. Defendant pleaded guilty to count one of the indictment charging a violation of 21 U.S.C. § 846. At the end of the plea hearing, Judge Crone accepted his plea of guilty and judged him guilty of count one of the indictment.

On April 1, 2010, the Presentence Report ("PSR") was prepared. On May 5, 2010, the Court set Defendant's sentencing for May 14, 2010. On May 11, 2010, Defendant filed an unopposed motion to continue sentencing and for leave to file objections. On May 12, 2010, the Court granted Defendant's motion and reset the sentencing for May 21, 2010. The Court gave Defendant until May 12, 2010, to file objections to the PSR. On May 12, 2010, Defendant filed his objections to the PSR. On May 18, 2010, the Court reset Defendant's sentencing to May 28, 2010. On May 18, 2010, Defendant filed his motion to withdraw his plea of guilty. On May 25, 2010, the Government filed its response to the motion. On May 27, 2010, the Court conducted a hearing on the motion.

## ANALYSIS
### Standard of Review

According to Rule 11(d)(2)(B) of the Federal Rules of Criminal Procedure, a district court may grant a motion to withdraw a guilty plea before sentencing if the defendant shows "a fair and just reason." Fed. R. Crim. P. 11(d)(2)(B). There is no absolute right to withdraw a guilty plea, and the defendant bears the burden of establishing a fair and just reason for withdrawing his plea. *United States v. Puckett*, 505 F.3d 377, 382 (5th Cir. 2007)(citation omitted); *United States v. Lampazianie*,

251 F.3d 519, 523-24 (5th Cir. 2001). In deciding whether to permit a defendant to withdraw a guilty plea, the Court is granted "broad discretion." *United States v. Carr*, 740 F.2d 339, 344 (5th Cir. 1984)(citation omitted).

To determine whether a defendant may withdraw a plea of guilty prior to sentencing, this Court must look at the following factors: (1) whether the Defendant has asserted his innocence; (2) whether the government would suffer prejudice if the withdrawal of the motion were granted; (3) whether the Defendant has delayed in filing his withdrawal motion; (4) whether the withdrawal would substantially inconvenience the Court; (5) whether close assistance of counsel was available; (6) whether the original plea was knowing and voluntary; and (7) whether the withdrawal would waste judicial resources. *Carr*, 740 F.2d at 343-344. The Court is not required to make a finding as to each individual factor. *United States v. Powell*, 354 F.3d 362, 370 (5th Cir. 2003). The *Carr* factors are considered for the totality of the circumstances and no single factor is dispositive. *Lampazianie*, 251 F.3d at 524; *Powell*, 354 F.3d at 370.

### Discussion

Defendant's main argument in support of his claim that there is a fair and just reason to allow him to withdraw his guilty plea is that the Government must prove the Defendant's guilt by a preponderance of the evidence, and, in absence of such proof, the Court is prohibited from accepting the guilty plea. Specifically, in his motion, Defendant asserts that co-defendant Paul Bowman ("Bowman") has since admitted to the Defendant, while incarcerated, that he, Bowman, obtained the majority of the paint remover from Montgomery Manufacturing without the knowledge or consent of the Defendant, that this alone shows that the Defendant did not personally provide or authorize Bowman to obtain the 1,400 gallons of paint remover from Montgomery Manufacturing, and

3

therefore the Government has not proven that the Defendant is involved in this portion of the conspiracy. Defendant asserts that his only involvement in the conspiracy was with Graphic Solutions in Dallas, Texas.

**Defendant's Assertion of Innocence**

Defendant has not asserted his innocence as to count one of the indictment in his motion or at the May 27, 2010 hearing. Defendant admits to being involved with the conspiracy and with purchases from Graphic Solutions. Defendant only tries to distance himself from the purchases made from Montgomery Manufacturing.

In his plea colloquy with the Court on January 15, 2010, Defendant agreed to the statement of facts and that he was pleading guilty to the facts that he conspired with Bowman and others to commit the crime charged in the indictment to knowingly and intentionally distribute and possess with the intent to distribute and dispense GHB. Defendant agreed that he joined the agreement and that he and Bowman purchased 637 gallons of gamma butyrolactone ("GBL") which was converted to at least 1,400 gallons, or 5,600 kilograms, of GHB, for distribution. Defendant also agreed that this was purchased at Graphic Solutions and Montgomery Manufacturing. When asked to put his actions in his own words, Defendant stated that, "Well, I assisted Paul Bowman in buying him paint thinner to make GHB."

Defendant also stated that he understood the range of punishment. Defendant also signed a plea agreement that contained his agreement to plead guilty to a violation of 21 U.S.C. § 846. His failure to claim his innocence strongly favors denying his motion to withdraw.

**Delay in Filing Withdrawal Motion**

In *Carr*, the Fifth Circuit found a delay of twenty-two days before filing a motion for

withdrawal of a guilty plea to weigh against allowing the defendant to withdraw his plea. *Carr*, 740 F.2d at 345. "The rationale for allowing a defendant to withdraw a guilty plea is to permit him to undo a plea that was unknowingly made at the time it was entered. The purpose is not to allow a defendant to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes that he made a bad choice in pleading guilty." *Id.*

On January 15, 2010, Defendant pleaded guilty. Defendant waited over four months from the time he entered his guilty plea to file his motion for withdrawal on May 18, 2010. Defendant also waited until after the PSR had been prepared before notifying the Court that he wanted to withdraw his guilty plea.

The Court finds that Defendant was not prompt. Defendant's delay demonstrates a tactical decision and Defendant's belief that he made a bad decision in pleading guilty. Therefore, the Court finds that Defendant's delay strongly favors denying the motion.

**Assistance of Counsel**

In order for a defendant's guilty plea to be valid, "the defendant must have available the advice of competent counsel. The advice of competent counsel exists as a safeguard to ensure that pleas are voluntarily and intelligently made." *Matthew v. Johnson*, 201 F.3d 353, 365 (5th Cir. 2000).

In a recent case, the Fifth Circuit determined that close assistance of counsel under Rule 11(d)(2)(B) and "constitutionally ineffective assistance of counsel are distinct issues." *United States v. McKnight*, 570 F.3d 641, 646 (5th Cir. 2009). Ineffective assistance is a basis for invalidating a conviction under the Sixth Amendment and not relevant to the decision of whether Defendant was denied close assistance of counsel. *Id.* The question of whether Defendant received the close

assistance of counsel "requires a fact-intensive inquiry." *Id.*

Defendant presented no evidence at the hearing on the motion for withdrawal of the guilty plea that related to the assistance of counsel. Defendant entered into a plea agreement with the Government. The plea agreement was signed by Defendant and his counsel. Paragraph twelve of the plea agreement states that Defendant reviewed all legal and factual aspects of the case and that Defendant was fully satisfied with his counsel's legal representation. Defendant was also asked during his plea colloquy whether he was satisfied with the representation provided by his counsel and he answered that he was. Defendant's counsel also questioned Defendant whether he was "totally satisfied" with everything she has done for him and he responded that he was.

The Court finds that Defendant was not without assistance of adequate counsel in agreeing to plead guilty.

**Knowing and Voluntary Plea**

"For a plea to be knowing and voluntary, 'the defendant must be advised of and understand the consequences of the [guilty] plea.'" *United States v. Gaitan*, 954 F.2d 1005, 1011 (5th Cir. 1992)(quoting *United States v. Pearson*, 910 F.2d 221, 223 (5th Cir. 1990)). Defendant must have notice of the nature of the charges against him, he must understand the consequences of his plea, and he must understand the nature of the constitutional protections he is waiving. *Matthew*, 201 F.3d at 365. For a guilty plea to be voluntary, it must "not be the product of 'actual or threatened physical harm, or ... mental coercion overbearing the will of the defendant' or of state-induced emotions so intense that the defendant was rendered unable to weigh rationally his options with the help of counsel." *Id*. (quoting *Brady v. United States*, 397 U.S. 742, 750 (1970)).

In this case, the Court informed the Defendant of the nature and consequences of his guilty

plea. The Court informed Defendant of the rights he gave up when pleading guilty, the potential sentence he faced for pleading guilty, including imprisonment up to twenty years, and the specific elements of the crime. Defendant stated that he understood the penalties he could receive, that he understood the elements of the offense, and that he understood his constitutional rights. He was advised about the sentencing guidelines and stated he understood that if he received a sentence longer than he was expecting, he would still be bound by his plea.

Defendant represented that his plea was freely and voluntarily made and that no one forced him, threatened him, or made any promises other than what was contained in the plea agreement. The Court went over, in detail, the statement of facts in support of the plea agreement. Defendant acknowledged that the facts were true and correct and that he was pleading guilty to the facts as recited by the Court. After acknowledging the facts supporting his plea, Defendant entered a plea of guilty to count one of the indictment. Having been advised as to the details and consequences of his plea, having repeatedly stated that he understood the proceedings, and having repeatedly acknowledged his guilt, Defendant's assertion that his plea was anything other than knowing and voluntary is contradicted by the record. *See United States v. Cothran*, 302 F.3d 279, 283-84 (5th Cir. 2002)(reviewing courts give great weight to the defendant's statement at the plea colloquy).

**Remaining Factors**

The remaining factors for the Court to consider are as follows: (1) whether withdrawal would cause the Government to suffer prejudice if the motion were granted; (2) whether withdrawal would substantially inconvenience the Court; and (3) whether withdrawal would waste judicial resources.

A withdrawal at this point would inconvenience the Court and cause a waste of judicial resources. Sentencing had been set, and the District Judge has already been required to prepare for

and postpone that hearing in light of the underlying motion.

After considering the evidence presented, the arguments of counsel, and reviewing the record, the Court finds that most of the *Carr* factors do not weigh in Defendant's favor. Defendant presented no evidence that convinces the Court that Defendant should be allowed to withdraw his plea of guilty. Given the totality of the circumstances, the Court finds that Defendant has failed to demonstrate a fair and just reason to withdraw his plea of guilty.

## RECOMMENDATION

The Court recommends that Defendant's Motion to Withdraw Plea (Dkt. #336) should be **DENIED**.

By agreement the parties, within five (5) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(c).

Failure to file written objections to the proposed findings and recommendations contained in this report within five days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 2nd day of June, 2010.**

_____
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE